# Exhibit 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br>(312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 29, 2016

**By E-mail**

| | |
|---|---|
| James R. Dugan, II<br>Murray Law Firm<br>650 Poydras Street, Ste. 2150<br>New Orleans, Louisiana 70130 | Eric G. Jensen<br>Potts Law Firm<br>100 Waugh Drive, Ste. 350<br>Houston, Texas 77007 |
| Jeffrey D. Gold<br>Law Offices of Jeffrey D. Gold<br>12749 Norwalk Boulevard, Ste. 100<br>Norwalk, California 90650 | Richard Shenkan<br>Shenkan Injury Lawyers, LLC<br>6550 Lakeshore Street<br>West Bloomfield, Michigan 48323 |
| Joseph Hoats<br>Law Offices of Joseph M. Hoats<br>12672 Limonite Avenue, Ste. 3E 345<br>Corona, California 92880 | Mitchell A. Toups<br>Weller, Green, Toups & Terrell, LLP<br>P.O. Box 350<br>Beaumount, Texas 77704 |

      Re: *In re: General Motors LLC Ignition Switch Litigation*,
         14-MD-2543

Dear Counsel:

   Pursuant to the terms of the Court's Order No. 69 (Docket No. 1162), which directed counsel for General Motors LLC ("GM LLC") to serve (either electronically or by other means) a copy of the order on counsel in any action transferred to or directly filed in the MDL after July 13, 2015, attached hereto as Exhibit A is a copy of Order No. 69. Additionally, please be advised that in addition to being available on PACER under case number 14-MD-2543, copies of the Court's orders are also available on the MDL 2543 website: http://gmignitionmdl.com.

                   Sincerely

                   /s/ Andrew B. Bloomer, P.C.
                   *Counsel for Defendant General Motors LLC*

Attachment

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

-----------------------------------------------------------------------x

07/13/2015

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 69

JESSE M. FURMAN, United States District Judge:

**[Regarding MDL Discovery Coordination Obligation of All Plaintiffs' Counsel]**[1]

WHEREAS, on April 24, 2015, the Court entered Order No. 50 (14-MD-2543 Docket No. 875) Regarding the Effect of the Consolidated Complaints filed in this MDL;

WHEREAS Order No. 50 required the parties to "meet and confer with an eye toward proposing an order to be entered after plaintiffs file the amended Consolidated Complaints to ensure that . . . discovery with respect to common issues of fact and law are conducted as part of these MDL proceedings. Among other things, the proposed order should create a process requiring any Plaintiffs' counsel with allegations, claims, or defendants not included in the amended Consolidated Complaints to coordinate with Lead Counsel to ensure that discovery as to common issues of law and fact is completed as part of the MDL proceedings;"

WHEREAS, on April 30, 2015, the Court entered Order No. 51, requiring the parties to "meet and confer and submit an agreed upon proposed order putting individual plaintiff counsel on notice that they are required to coordinate discovery with Lead Counsel such that all discovery

---

[1] On June 23, 2015, Lead Counsel and counsel for New GM submitted several proposed orders, including one governing the obligation of counsel to pursue common discovery in this MDL. (*See* 14-MD-2543 Docket No. 1072, Ex. 3). The Court then edited the Order and — in light of the scope of the changes — granted any party an opportunity to respond to this proposed Order no later than July 6, 2015. (Order No. 64 (14-MD-2543 Docket No. 1095)). Having received no objections to the Court's edits, the Court will enter its Order as proposed.

relevant to any individual economic loss complaint is pursued in the MDL or otherwise waived, unless such discovery is strictly unique to the individual action;"

WHEREAS, the logic of requiring counsel in individual actions to pursue discovery with respect to common issues of law and fact in this MDL applies with the same force to personal injury and wrongful death cases as it does to economic loss cases;

WHEREAS, on June 10, 2015, the Court entered an Opinion and Order (14-MD-2543 Docket No. 1024) explaining that the purpose of these requirements was "to ensure that a party cannot 'sit on the sidelines' and expect to get discovery that could have and should have been obtained through the MDL;"

Whereas on June 12, 2015, Lead Counsel filed a Report Pursuant to Orders 50 and 51 (14-MD-2543 Docket No. 1039) identifying those allegations and claims not included in the amended Consolidated Complaint;

Whereas on June 29, 2015, the parties filed a proposed order identifying complaints/claims to be dismissed without prejudice pursuant to Order No. 50 (14-MD-2543 Docket No. 1089);

WHEREAS, the parties having met and conferred, and consenting thereto, and for good cause shown;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all discovery with respect to common issues of fact or law is to be conducted solely as part of these MDL proceedings or is otherwise waived and barred in accordance with the following provisions.

1. Discovery with respect to issues of fact or law common to this MDL is to be conducted solely as part of these MDL proceedings, irrespective of whether the allegations and/or claims relevant to those common issues of fact or law are included in the Consolidated Complaints.

2. Plaintiffs' counsel in each and every complaint (hereafter, "individual Plaintiffs' counsel") are hereby put on notice that they are required to coordinate discovery with Lead Counsel such that all discovery relevant to any common allegation and/or claim is pursued in the MDL or otherwise waived and barred, unless such discovery is strictly unique to the individual action. *See* Order No. 51 (14-MD-2543 Docket No. 918) § VII); 04/24/15 Status Conference Tr. 27 - 294.

3. To the extent any individual Plaintiffs' counsel wishes to propound any discovery not already propounded by Lead Counsel, they shall provide such discovery to Lead Counsel by October 9, 2015. Lead Counsel may include such discovery requests alongside any discovery propounded by Lead Counsel at the start of Phase III discovery, unless Lead Counsel declines to do so, in which case the provisions of Paragraph 5 of this Order shall apply. For complaints transferred to or direct-filed in this MDL after October 9, 2015, individual Plaintiffs' counsel shall provide any discovery they wish to pursue within thirty (30) days of their complaint being identified on the monthly list required by Paragraph 8(a) of Order No. 50. Lead Counsel may include such discovery alongside any discovery propounded by Lead Counsel at the start of the following phase of discovery in this MDL, unless Lead Counsel declines to do so, in which case the provisions of Paragraph 5 of this Order shall apply. Lead Counsel shall clearly identify any discovery requested by individual Plaintiffs' counsel as such, including the name and case number of the matter in which such discovery was requested.

4. Lead Counsel shall notify individual Plaintiffs' counsel of whether Lead Counsel agrees to include discovery requested by individual Plaintiffs' counsel within two weeks of receiving such request. If Lead Counsel declines to propound discovery requested by individual

3

Plaintiffs' counsel, Lead Counsel shall meet and confer with individual Plaintiffs' counsel within one week of notifying individual Plaintiffs' counsel of the decision not to include such discovery.

5. If Lead Counsel declines to pursue discovery requested by individual Plaintiffs' counsel, individual Plaintiff's counsel may file a letter brief (not to exceed five single-spaced pages) within seven (7) days of meeting and conferring with Lead Counsel regarding Lead Counsel's refusal to pursue the proposed discovery in order to seek an order from the Court upon a showing of good cause that: a) compels Lead Counsel to pursue the discovery; or b) in the alternative, authorizes the individual Plaintiff's counsel to pursue the proposed discovery.  Any response to the individual Plaintiff's counsel's letter must be filed within seven (7) days.  Absent leave of Court, any such letter brief and response shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and the docket of the individual action.  No replies shall be allowed without leave of Court.

6. Any letter brief filed by individual Plaintiffs' counsel pursuant to the terms of Paragraph 5 above shall describe the proposed discovery and must explain why the discovery already pursued by Lead Counsel is not sufficient.  Additionally, any such letter brief must attach the proposed discovery, a proposed order, and a certificate of conference that identifies: a) the date plaintiff's counsel raised the proposed discovery with Lead Counsel; b) the date of conference between plaintiff's counsel and Lead Counsel; and c) the date Lead Counsel declined to pursue the proposed discovery.

7. All discovery relevant to any common allegation and/or claim that is not pursued in the MDL either by Lead Counsel and/or pursuant to the terms of this Order is waived and barred.

8. To ensure that Plaintiffs' counsel in every member case is on notice of the provisions in this Order, New GM is directed to a) serve (either electronically or by other means)

a copy of this Order on counsel in any action transferred to or directly filed in the MDL after the date of this Order and b) promptly file proof of such service on the docket of each member case (*not* in 14-MD-2543 or 14-MC-2543).

SO ORDERED.

Date: July 10, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge